**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-22-01454-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| A Ruben Turley, et al., | |
| Defendants. | |

The United States of America filed this suit "to reduce to judgment outstanding federal tax liabilities assessed against Defendants A. Ruben Turley and Sandra A. Turley." (Doc. 1 at 1). Defendants seek dismissal of the complaint based on a variety of arguments, many of which neither the United States nor the Court can understand. The Court has jurisdiction, and the complaint states claims for relief. Therefore, Defendants' motion will be denied.

## BACKGROUND

The complaint alleges the following which the Court must accept as true for purposes of resolving the motion to dismiss. The Turleys failed to pay the income taxes they owed for tax years 2004, 2005, 2006, 2007, and 2008. (Doc. 1 at 2). In 2012, the IRS "assessed" the taxes the Turleys owed for those years. *See Laidlaw's Harley Davidson Sales, Inc. v. Comm'r of Internal Revenue*, 29 F.4th 1066, 1071 (9th Cir. 2022) (explaining "assessment" is "the formal recording of a taxpayer's tax liability on the tax rolls"). The total amount assessed was $680,112.75. (Doc. 1 at 3). The Turleys did not pay that amount

and since 2012 the amount they owe has grown due to interest and "statutory additions." (Doc. 1 at 3).

Based on the unpaid taxes, "tax liens arose in favor of the United States upon all property and rights to property belonging" to the Turleys. (Doc. 1 at 3). The IRS recorded "Notices of Federal Tax Liens" against real property owned by the Turleys in Arizona. The United States filed the present suit seeking to reduce to judgment the Turleys' tax liabilities and to foreclose the tax liens on their real property.

The Turleys responded to the complaint by filing a document titled "Answer." (Doc. 17). That document, however, appeared to be a motion to dismiss instead of an answer. The Court directed the United States to treat the document as a motion to dismiss. The United States filed an opposition and the Turleys filed a reply.

## ANALYSIS

According to the Turleys' motion, they seek dismissal pursuant to Federal Rule of Civil Procedure "12(b) 1, 2, 3, 6." (Doc. 17 at 1). Those portions of Rule 12 allow for dismissal based on lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, or failure to state a claim on which relief can be granted. The Turleys do not make clear arguments connected to each possible bases for dismissal. For simplicity, the Court will set forth what the Turleys argue without attempting to link each argument to a basis for dismissal recognized in Rule 12.

The Turleys' first argument for dismissal is "this erroneous action [is] untimely" because a three-year statute of limitations applies and "[t]he statute ran as of 2011." (Doc. 17 at 4). The United States responds the relevant statute of limitations is ten years, not three. The United States is correct. The statute of limitations for this type of suit is "10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). The complaint alleges the taxes were assessed in September 2012. This suit was commenced in August 2022. Therefore, the suit is timely.

The Turleys' second argument for dismissal is this suit was brought "without fully exhausting and resolving this matter under . . . the Administrative Procedures Act." (Doc.

17 at 1). The United States responds by arguing the Administrative Procedures Act is irrelevant. Again, the United States is correct. "[A]ggrieved taxpayers" often must "exhaust their administrative remedies with the IRS before suing for refunds." *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1412 (9th Cir. 1998). But the Turleys do not cite any law requiring the IRS follow a similar course before filing suit against a taxpayer. The fact that the IRS did not pursue some unidentified administrative remedy does not merit dismissal of this suit.

The Turleys' third argument for dismissal is the unpaid taxes outlined in the complaint do not reflect "voluntary payments that have been made, seized, or unlawfully taken." (Doc. 17 at 2). The United States correctly points out that the factual accuracy of the complaint's allegations cannot be resolved at the motion to dismiss stage. The Turleys will have the opportunity to present evidence establishing the correct amount owed but they cannot obtain dismissal merely by disputing the accuracy of the United States' allegations.

The Turleys' fourth argument for dismissal is they sent letters to the IRS before this litigation began and the IRS did not respond. According to the Turleys, "Rule 8d of the FRCP" means the IRS' "failure to respond" to the letters "forecloses any further action by the [IRS]." (Doc. 17 at 5). The United States argues any failure to respond to pre-litigation letters does not preclude litigation. That is correct. In addition, Federal Rule of Civil Procedure 8(d) requires allegations in a pleading be "simple, concise, and direct." That rule also allows a party to assert inconsistent claims or defenses. Rule 8(d) has nothing to do with unanswered pre-litigation letters and the Turleys are not entitled to dismissal based on this theory.

Finally, the Turleys make several other arguments for dismissal that are commonly raised by litigants who have been identified as "tax protesters." *Eckwortzel v. Crossman*, 561 F. Supp. 2d 1144, 1152 (D. Idaho 2008). For example, the Turleys argue the Secretary of the Treasury and the Commissioner of Internal Revenue "are private-sector workers and their respective organization[s are] private businesses" such that there is no federal

jurisdiction to hear this suit. (Doc. 23 at 2). This conclusion is based, somehow, on the fact that each employee of the IRS does not "take an oath of office." (Doc. 23 at 2). The Turleys also claim the IRS has no "jurisdiction" to take any actions or assess any taxes outside the District of Columbia. (Doc. 23 at 4). These two arguments, and the other similar arguments made by the Turleys, "are frivolous and unavailing." *Eckwortzel*, 561 F. Supp. 2d at 1152. The Turleys will be required to file an answer to the complaint.

In addition to the Turleys' motion to dismiss, there are two other motions pending. Those motions reflect agreements between the United States and other entities that were named as defendants in this suit because it was possible those entities would "claim some right, title, or interest" in the Turleys' real property. (Doc. 19 at 2). The United States and those other entities request the Court dismiss one defendant and approve an agreement regarding lien priority. Those requests will be granted.

The Rule 16 Case Management Conference set for December 14, 2022, will be vacated. However, the parties are reminded of their obligation to file a Case Management Report and a Proposed Rule 16 Scheduling Order. (Doc. 15). The parties must confer and file those documents no later than December 13, 2022.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 17) is **DENIED**. Defendants shall file an answer to the complaint within fourteen days of this Order.

**IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 19) is **GRANTED**. The Arizona Department of Revenue has no interest due to its lien recorded with the Maricopa County Recorder's Office at document number 99-0761029 in the real property located in Maricopa County, Arizona, that is commonly described as 29 East Palo Verde Street, Gilbert, Arizona 85296, more particularly described as: Lot Ninety-one (91) COLONIA GRANDE, according to the plat of record in the office of the Maricopa County Recorder in Book 195 of Maps, page 17.

**IT IS FURTHER ORDERED** the Arizona Department of Revenue is **DISMISSED** from this action with prejudice, each party to bear its own respective costs

and fees.

**IT IS FURTHER ORDERED** the Motion Regarding Lien Priority (Doc. 20) is **GRANTED**. The United States, the Industrial Commission of Arizona, and Maricopa County shall comply with the terms set forth in Doc. 20.

**IT IS FURTHER ORDERED** no later than **December 13, 2022**, the parties shall file the Case Management Report and Proposed Rule 16 Order.

**IT IS FURTHER ORDERED** the Case Management Conference currently set on December 15, 2022, is **VACATED**, to be reset, if necessary, after receipt of the Case Management Plan and Proposed Rule 16 Order.

Dated this 6th day of December, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge