**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-22-01454-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| A Ruben Turley, et al., | |
| Defendants. | |

On June 14, 2023, the United States filed a motion for sanctions based on Defendants' failure to participate in discovery. (Doc. 35). According to that motion, Defendants were no longer participating in this case. The United States had made repeated efforts to contact Defendants regarding discovery requests and depositions, but Defendants had not responded. In addition, the United States had set Defendants depositions, but Defendants did not contact the United States prior to the depositions and Defendants did not appear. Based on these actions, the United States sought sanctions against Defendants. Defendants received a copy of the motion for sanctions but did not respond.

On July 13, 2023, the Court granted the motion for sanctions. The Court ordered Defendants to respond to the outstanding written discovery requests no later than August 7, 2023. The Court also ordered Defendants to attend the depositions the United States would reset. And the Court ordered Defendants to pay the costs incurred because of their failure to attend their depositions on the dates they were originally set.

In granting the motion for sanctions, the Court made clear to Defendants their

behavior was creating a risk default judgment would be entered against them. The Court stated:

> [T]he motion for sanctions indicates Defendants are no longer participating in any meaningful sense in this case. Defendants are warned that if they violate this Order by not responding to the discovery requests or by failing to attend the rescheduled depositions, their answer will be stricken and the United States will seek default judgment. If that occurs, the United States' allegations will be accepted as true, and judgment will be entered against Defendants. In simple terms, that will mean the United States will obtain the judgment it seeks and the United States will be entitled to foreclose on Defendants' home. If Defendants believe they have any valid defenses to avoid this result, they **must** comply with this Order by participating in discovery and attending their depositions.

(Doc. 37) (emphasis in original).

After the Court's Order, the United States sent Defendants notice of their rescheduled depositions. Defendants did not contact the United States prior to the date of the depositions and Defendants did not attend their depositions. In addition, the Court's Order did not prompt Defendants to respond to the written discovery requests. And Defendants have not made any effort to pay the costs awarded by the previous Order. In fact, even after the Court's previous Order, Defendants simply continued to not participate in this case.

On August 14, 2023, the United States filed a second motion for sanctions. (Doc. 39). That motion, supported by a declaration from counsel, sets forth the factual background of Defendants' refusal to participate. The motion explains Defendants violated the Court's July 13, 2023, Order. The motion also argues Defendants' unwillingness to participate in discovery is preventing the case from proceeding to the merits. The United States believes Defendants have engaged in obstructive behavior and there is no indication any form of lesser sanction would result in their cooperation. The motion requests entry of default judgment. Defendants were served a copy of the motion and supporting documents but did not file a response.

The Court finds Defendants violated the July 13, 2023, Order by not responding to written discovery by the Court-imposed deadline. *See* Fed. R. Civ. P. 37(b) (allowing

sanctions for failing to comply with court order). Defendants also violated that Order by failing to attend their rescheduled depositions.

The Court must evaluate five factors when evaluating whether default judgment is merited:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). Four of these factors support default and the one that does not support default has little weight in the present circumstances.

First, the public's interest in "expeditious resolution of litigation" supports default. There is no indication Defendants will participate in this case if they are given additional opportunities. Entering default judgment now will bring this case to an immediate, and efficient, end. Second, the Court needs to manage its docket by focusing its time on cases where the parties comply with the applicable rules and procedures. Devoting time to this case, when Defendants refuse to participate, requires the Court spend time on a case Defendants have abandoned. That is not a prudent use of the Court's resources. Third, the United States will be prejudiced if default judgment is not entered. The United States' efforts to obtain discovery from Defendants have been frustrated and requiring the United States bear the expense of continuing its futile efforts to obtain discovery would be prejudicial. Fourth, the Court previously attempted lesser sanctions in the form of a clear warning and requirement that Defendants participate in discovery. The previous Order warned Defendants of the need to participate and awarded costs against them. Defendants have not participated in discovery after that Order, indicating no lesser sanction would be effective. Finally, Defendants' refusal to participate in discovery is the product of "willfulness, bad faith, [or] fault" in that Defendants could comply if they wished to do so but instead are attempting to obstruct or delay resolution of this matter. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)

(noting terminating sanction must be supported by "willfulness, bad faith, [or] fault"); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) ("[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.").

The preceding four factors strongly support entry of default judgment. The only factor that does not support default is "the public policy favoring the disposition of cases on the merits." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (noting this factor "always weighs against dismissal"). But that factor has little weight in this case. By granting default now, the Court will not address in a meaningful way the merits of the United States' claims. However, given Defendants' refusal to participate in this case, it is unlikely the Court would ever be able to address the merits in a significant way. That is, Defendants' apparent abandonment of this case means the Court will never know whether they have meritorious defenses.

Under the governing test, the United States is entitled to entry of default judgment. The United States has submitted documentation regarding the costs incurred in connection with the first attempt to conduct Defendants' deposition. Defendants will be ordered to pay that amount. The United States also requests an award of the costs incurred in relation to the second depositions that were arranged but Defendants again refused to attend. The United States is entitled to those costs, and they will be awarded upon submission of the appropriate documentation.

The Ninth Circuit has not held default judgment issued as a sanction under Rule 37 requires the additional steps of striking the answer and entering default before ordering default judgment. Other district courts have noted the preliminary steps are not required in the context of awarding default judgment as a sanction. *See Lemus v. Manhattan Car Wash, Inc.*, 2010 WL 4968182, at *7 n.2 (S.D.N.Y. Nov. 24, 2010); *United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, 2019 WL 5579553, at *7 n.5 (W.D. Ky. June 6, 2019), report and recommendation adopted, 2019 WL 5586542 (W.D. Ky. July 2, 2019); *Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *1 (E.D. Mich. Feb. 26, 2008). But

courts in the Ninth Circuit appear to strike the answer and direct the entry of default, even in the context of entering default judgment as a sanction. *See, e.g.*, *Hester v. Vision Airlines, Inc.*, 2010 WL 4553449, at *8 (D. Nev. Nov. 3, 2010). That procedure will be followed here.

Accordingly,

**IT IS ORDERED** the Motion for Costs (Doc. 38) is **GRANTED**. A. Ruben Turley and Sandra A. Turley shall pay the United States $2,239.47 within 30 days of this Order.

**IT IS FURTHER ORDERED** the Motion for Sanctions (Doc. 39) is **GRANTED**. The Court is directed to **STRIKE** the answer (Doc. 17).

**IT IS FURTHER ORDERED** the Clerk of Court shall enter defaults for A. Ruben Turley and Sandra A. Turley.

**IT IS FURTHER ORDERED** A. Ruben Turley and Sandra A. Turley shall pay for the reasonable costs the United States incurred in relation to the second noticed depositions of Mr. and Mrs. Turley that they did not attend. Within 30 days of this order, the United States shall provide the Court with an accounting of the costs it incurred with respect to the depositions of Mr. and Mrs. Turley that they did not attend.

Dated this 15th day of September, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge